UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BRANDON CLINTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:21-CV-145-RLW |
| ) | |
| DAKOTA KEE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Brandon Clinton, an inmate at the Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $69.93. Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $349.66. The Court will therefore assess an initial partial filing fee of $69.93, twenty percent of that amount.

### Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

2

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint to seek relief under 42 U.S.C. § 1983.[1] In the caption of the complaint, plaintiff identifies the defendants as an attorney named Dakota Kee and the Reynolds County Public Defender's Office. Within the complaint, he also indicates an intent to sue the "Reynolds County Missouri Courts," and "Reynolds County Procustor [*sic*] Office." (ECF No. 1 at 3). Plaintiff sets forth his statement of claim in its entirety as follows:

> Sentence wrongfully [*sic*] to 1 year drug treatment 5 years probation with 10 year back up it should have been 7 years for 1/2 gram of fake weed class C faloney [*sic*]. First time in trouble. Look he did not fight for me he knew or should of known that I did not quilify [*sic*] for drug treatment. He caused me to lose my freedom even longer should have been a simple possission [*sic*] 1/2 gram of fake weed.

*Id.* at 8. By referencing "he" in the above paragraph, plaintiff can be understood to refer to Mr. Kee. Plaintiff identifies his injuries as "civil rights, physical health, mental health, freedom." *Id.* As relief, he seeks "3.5 million" from Mr. Kee, and "100 million dollars" from the "Public Defender Reynolds County Office." *Id.*

## Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federally protected right by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, plaintiff can be understood to allege that Mr. Kee provided ineffective and/or incompetent representation while serving as his counsel during state court criminal proceedings,

---

[1]The complaint contains the same handwriting and similar language as civil rights complaints previously filed by Missouri prisoner Joseph Michael Devon Engel, who to date has filed over 150 frivolous civil rights actions in this Court.

thereby causing plaintiff to receive a greater sentence. Plaintiff cannot be understood to allege that any wrongful conduct occurred outside the scope of the traditional functions of counsel.

Having thoroughly reviewed and liberally construed plaintiff's allegations, the Court concludes they cannot form the basis of a § 1983 claim against Mr. Kee because attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (attorneys who represented an inmate, whether appointed or retained, did not act under color of state law); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Plaintiff asserts no allegations at all against the Reynolds County Public Defender's Office, the "Reynolds County Procustor [*sic*] Office," and the "Reynolds County Missouri Courts," and therefore states no cause of action against those entities. Moreover, Missouri Circuit Courts are immune from suit under the Eleventh Amendment, *see McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007), and entities such as prosecuting attorney and public defender offices are typically treated the same as other non-suable entitles such as county sheriff's departments. *Kaminsky v. State of Missouri*, 2007 WL 2956404, at *2, 3 (E.D. Mo. Oct. 5, 2007); *see also Stockley v. Joyce*, 2018 WL 4300323, at *3 (E.D. Mo. Sept. 10, 2018) (applying the reasoning of *Kaminsky* to determine that the Office of the Circuit Attorney is not a legal entity amenable to suit under 42 U.S.C. § 1983); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982) (a prosecutor's office is not a legal entity amenable to suit under § 1983).

The Court can envision no amendment to the complaint that would cause it to state an actionable § 1983 claim. The Court will therefore dismiss this action at this time, without prejudice.

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, by **January 18, 2022**, plaintiff must pay an initial partial filing fee of $69.93. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of December, 2021.